In the Matter of the Marriage of
SIMPSON, *Appellant,*
*and*
SIMPSON, *Respondent.*
(No. 31985, CA 9786)

581 P2d 129

Michael F. McClain, Corvallis, argued the cause for appellant. With him on the brief was McClain & Brown, Corvallis.

Ron Dwyer, P.C., Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Wife in this dissolution proceeding appeals, assigning as error the failure of the court below to award spousal support or child support, and failure of the court to divide equitably the two major assets of the marriage, the family home and the family business.

The parties were married in 1969, and during the course of the marriage were separated for more than one year. They are both in their early thirties, and both have been married previously. Wife brought one child to the marriage, a girl now 13 years of age, who has been adopted by husband; custody was awarded to wife. Husband brought two minor boys to the marriage, and retains their custody.

Prior to the marriage, wife worked as a bank cashier. Although she did not work outside the home for much of the duration of the marriage, she has recently returned to a position of bank cashier. Husband, as a result of an automobile accident, is unable to engage in heavy lifting. He has supported the family out of profits from the family business, the Peacock Tavern, purchased at the time of his marriage to wife.

One of the two major assets, the family home, was purchased by husband and his former wife approximately one year before he married petitioner here.[1] The residence is appraised at $52,500; it has an outstanding mortgage of $14,227. At least $3,100 of capital improvement have been made since the parties were married. The home was awarded to husband.

The other major asset of the parties is the Peacock Tavern. It was purchased at about the time of the marriage for $70,000. A mortgage balance of $21,315 remains owing. Husband testified that the property was worth approximately $70 - 75,000; wife testified that he had told her he would not take less than

[1]The original purchase price of the home was $23,000. Husband and his first wife made a down payment of $5,719.

[ 335 ]

$150,000 for it. An expert witness produced by wife testified that he had received an executed earnest money agreement offering the parties $95,000 for the tavern.

Wife was awarded "* * * an interest in the gross receipts of the Peacock as follows:

"(a) $425.00 per month for 60 months beginning November 15, 1977.

"(b) The payments required shall be secured by a judgment without interest against Respondent for $25,500.00.

"(c) In the event of transfer, or attempted transfer, of his interest in the Peacock by the Respondent, the entire balance on the judgment shall become due and payable and interest shall accrue at 8%.

"(d) Further, the Petitioner is awarded a judgment payable 60 months from November 15, 1977, for a sum equal to one-fifth of the difference between $75,000.00 and the sale price of the Peacock or the appraised fair market value, whichever is the greater, and whichever occurs first. In the event of a dispute over the appraisal each party may appoint one recognized fee appraiser, and the Court will appoint a third."

There is no argument relative to the efforts of the parties in the business; wife did not work for most of the marriage, taking on the important role as homemaker for the family. Close to $6,000 of the original $18,000 investment in the tavern came from husband's funds obtained through a profit sharing plan prior to this marriage. The remainder of the down payment, however, came from a bank loan on which both of the parties are liable.

Given these facts, we believe that the trial court approached the property division correctly. The Supreme Court's recent decision in *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), makes it clear that property division, spousal support and child support are interrelated considerations. The monthly payments to wife from the tavern income for five years should give her an opportunity to increase her earning

capacity. She is young and healthy, and has only one child to support. The income for both parties must be generated from the tavern by husband, so it is reasonable that he keep that business. Wife, however, should be held harmless and indemnified by husband against liability on the note signed by both of them in connection with the business loan for the tavern.

■ The trial court did not award child support for the daughter in wife's custody, even though she was adopted by husband, apparently because she receives $131 per month from the Veterans Administration. On the other hand, the daughter lost Social Security benefits as a result of the adoption, and the record indicates some child support is necessary and that husband is able to pay. We conclude he should pay the sum of $75 per month on account of child support.

Accordingly, we modify the decree to require husband to indemnify wife on the business loan, and to provide for the payment of child support in the amount of $75 per month.

Affirmed as modified. Costs to appellant.

**SCHWAB, C. J.,** dissenting in part, concurring in part.

Contrary to the majority, under the circumstances of this case I would not require the father to pay child support in addition to the other requirements placed upon him by the decree.